IN THE UNITED STATES DISTRICT COURT EASTERN DISTRICT OF PENNSYLVANIA

TAMIKA PRESSLEY,
Plaintiff,

v.

ALO YOGA, INC., and CARMELA DICARLO,
Defendants.

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Tamika Pressley ("Plaintiff"), files this Complaint against Defendants, ALO Yoga, Inc. ("ALO") and its employee, Carmela DiCarlo ("DiCarlo"), and alleges as follows:

## PARTIES

1. Plaintiff, Tamika Pressley, is an individual residing in Bala Cynwyd, Pennsylvania.

2. Defendant, ALO Yoga, Inc., is a corporation organized under the laws of Beverly Hills, California with its principal place of business at 2000 RT 38W, Cherry Hill, NJ 08002.

3. Defendant, Carmela DiCarlo, is an employee of ALO Yoga, working at the retail location at 2000 Rt. 38 in Cherry Hill, New Jersey.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to "This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and/or 28 U.S.C. § 1332 (diversity jurisdiction), as the matter involves federal law claims and the parties are diverse in citizenship.".

5. Venue is proper because the events giving rise to this claim occurred at the ALO Yoga retail store located in this judicial district.

## FACTUAL ALLEGATIONS

6. On or about January 10, 2024, Plaintiff visited the ALO retail store located at 2000 Rt. 38 to return merchandise she purchased from the store.

7. Plaintiff discovered that the merchandise was damaged after purchasing it and attempted to return the items in good faith.

8. Defendant DiCarlo, acting on behalf of ALO, denied Plaintiff's return request, claiming store policy prohibited the return of damaged merchandise.

9. Plaintiff explained that the merchandise was damaged at the time of purchase and that she was not responsible for any defects.

10. Despite her explanation, Plaintiff felt profiled and discriminated against by Defendant DiCarlo and other employees.

11. Defendant DiCarlo accused Plaintiff and her companion of causing a disturbance and behaving disrespectfully, which Plaintiff denies.

12. Plaintiff believes she was treated differently from other customers because of her race and/or other protected characteristics.

13. Defendant DiCarlo asked Plaintiff and her companion to leave the store, causing embarrassment, humiliation, and emotional distress.

## CAUSES OF ACTION

### COUNT I: DISCRIMINATION IN PUBLIC ACCOMMODATION

14. Plaintiff incorporates by reference all prior allegations.

15. Defendants discriminated against Plaintiff based on her race and/or protected characteristic, in violation of Title II of the Civil Rights Act of 1964 prohibits discrimination on the basis of race, color, religion, or national origin in public accommodations. This includes any establishment or facility that serves the public, such as hotels, restaurants, theaters, and transportation services. The goal was to ensure that individuals have equal access to public spaces, regardless of their race or ethnicity.

Under Title II, private businesses or places of public accommodation cannot refuse service or discriminate against individuals based on the aforementioned characteristics. The law applies to a wide range of public spaces, with certain exceptions for private clubs or religious organizations.

In addition to federal protections under Title II, many states have their own civil rights laws that provide similar or broader protections. For example, some states may also include additional categories, like gender identity, sexual orientation, or disability status, and impose stricter non-discrimination standards in public accommodations.

16. Plaintiff was denied equal treatment in a public accommodation and was subjected to unfair and discriminatory practices.

## COUNT II: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

17. Plaintiff incorporates by reference all prior allegations.
18. Defendants' actions were extreme and outrageous and caused Plaintiff severe emotional distress.
19. By treating Plaintiff in a discriminatory and demeaning manner, Defendants acted with reckless disregard for Plaintiff's rights and emotional well-being.

## COUNT III: NEGLIGENCE

20. Plaintiff incorporates by reference all prior allegations.
21. Defendant ALO failed to properly train its employees to handle customer interactions without bias or discrimination, thereby breaching its duty to Plaintiff.
22. As a result of this failure, Plaintiff suffered harm, including emotional distress and humiliation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:
1. Award compensatory damages in an amount to be determined at trial;
2. Award punitive damages to deter future misconduct by Defendants;
3. Grant any other relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Dated: 01/29/2025
Respectfully submitted,
Tamika Pressley
1 Union Ave #2592
Bala Cynwyd, PA 19004
T.pressley@icloud.com
Plaintiff, Pro Se



# Cherry Hill Police Department
Officer Report for Incident 25-002495

        **Nature:** Meet Complainan          **Address:** 2000 RT 38 W; CHERRY HILL MALL

        **Location:** 1          Cherry Hill NJ 08002

**Offense Codes:**

| | | |
|---|---|---|
| **Received By:** Pena, J | **How Received:** 9 | **Agency:** CHPD |
| **Responding Officers:** Kostick, A, Bruno, S, Brisbin,G | | |
| **Responsible Officer:** Kostick, A | **Disposition:** ACT 01/10/25 | |
| **When Reported:** 15:26:07 01/10/25 | **Occurred Between:** 15:25:35 01/10/25 and 15:25:38 01/10/25 | |

| | | |
|---|---|---|
| **Assigned To:** | **Detail:** | **Date Assigned:** \*\*/\*\*/\*\* |
| **Status:** | **Status Date:** \*\*/\*\*/\*\* | **Due Date:** \*\*/\*\*/\*\* |

**Complainant:**

| | | |
|---|---|---|
| **Last:** | **First:** | **Mid:** |
| **DOB:** \*\*/\*\*/\*\* | **Dr Lic:** | **Address:** |
| **Race:**    **Sex:** | **Phone:** | **City:** , |

## Offense Codes
    **Reported:**         **Observed:**

## Circumstances

**Responding Officers:**          **Unit:**
    Kostick, A          612D
    Bruno, S          612D
    Brisbin,G          901

| | |
|---|---|
| **Responsible Officer:** Kostick, A | **Agency:** CHPD |
| **Received By:** Pena, J | **Last Radio Log:** 16:38:26 01/10/25 CMPLT |
| **How Received:** 9 911 Line | **Clearance:** G Incident Report |
| **When Reported:** 15:26:07 01/10/25 | **Disposition:** ACT   **Date:** 01/10/25 |
| **Judicial Status:** | **Occurred between:** 15:25:35 01/10/25 |
| **Misc Entry:** | **and:** 15:25:38 01/10/25 |

**Modus Operandi:**      **Description :**      **Method :**

## Involvements

01/22/25

## Narrative

**Officer: Kostick, A - 523**                                    Page 1 of Narrative

---

1/10/2024 @ 1526 hrs

I responded to ALO (2000 Rt. 38) for the report of a meet complainant. The caller, Tamika Pressley, contacted police in regards to a customer dispute.

Upon arrival, I made contact with Pressley who advised she felt discriminated against by ALO employees. Pressley advised she attempted to return items; however, the employees would not return them. As a result, Pressley felt profiled and discriminated against. Pressley advised the employees told her the items were damaged; therefore they were unable to be returned. Pressley advised if the items were damaged, she purchased them that way and did not do it herself. She was provided a case card and left the scene without incident.

I then made contact with ALO employee, Carmela DiCarlo, who advised Pressley had attempted to return clothes that were damaged. DiCarlo advised per ALO policy, damaged merchandise are not to be returned which she had informed Pressley. DiCarlo then advised that Pressley claimed the ALO employee's were discriminating her because they would not return her clothes as a regular customer. DiCarlo also advised Presley and her counter part were creating a disturbance within the store including disrespecting employees, prior to making an effort in returning the items. DiCarlo requested Pressley and her counterpart leave the store which they did without incident. DiCarlo was provided a case card and no further police assistance was required.

Both parties wished for documentation only.

PPO Kostick #523
RPC 3033
BWC



CERTIFIED MAIL®

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT OF THE RETURN ADDRESS, FOLD AT DOTTED LINE