IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| TAMIKA PRESSLEY, | CIVIL ACTION |
| --- | --- |
| Plaintiff, | No. 2:25-cv-00616-NIQA |
| v. | |
| ALO, LLC d/b/a ALO YOGA and CARMELA DICARLO, | |
| Defendants. | |

## ORDER

**AND NOW**, this _____ day of _____, 2025, upon consideration of the Motion of Defendants, Alo, LLC d/b/a Alo Yoga and Carmela DiCarlo, to Dismiss and Strike Plaintiff's Amended Complaint, it is hereby **ORDERED** and **DECREED** that Defendants' Motion is **GRANTED**. IT IS FURTHER **ORDERED** that Plaintiff's Amended Complaint is **STRICKEN** and the action is **DISMISSED without prejudice**.

**BY THE COURT:**

_____
The Honorable Nitza I. Quiñones Alejandro

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TAMIKA PRESSLEY,<br><br>        Plaintiff,<br><br>v.<br><br>ALO, LLC d/b/a ALO YOGA and CARMELA DICARLO,<br><br>        Defendants. | CIVIL ACTION<br><br>No. 2:25-cv-00616-NIQA |

**DEFENDANTS' MOTION TO DISMISS AND STRIKE
<u>PLAINTIFF'S AMENDED COMPLAINT</u>**

Defendants Alo, LLC d/b/a Alo Yoga and Carmela DiCarlo hereby move this Honorable Court to dismiss this action pursuant to Rules 12(b)(1), 12(b)(4), and 12(b)(5) of the Federal Rules of Civil Procedure, and to strike the Amended Complaint pursuant to Rule 11(a) of the Federal Rules of Civil Procedure. The bases for this Motion are set forth in the accompanying Memorandum of Law in support thereof, which is incorporated herein by reference.

**WHEREFORE**, Defendants respectfully request that the Court grant their Motion to Dismiss and Strike the Amended Complaint.

Respectfully submitted,

Dated: April 21, 2025

**TUCKER LAW GROUP, LLC**

<u>*/s/ Leslie Miller Greenspan*</u>
Leslie Miller Greenspan, Esquire (ID: 91639)
Ten Penn Center
1801 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 875-0609

ALO, LLC – LEGAL DEPARTMENT
Cynthia C. Mullen*
Kenneth Day-Oshita*
9830 Wilshire Blvd.
Beverly Hills, CA 90212
**admitted pro hac vice*

**Attorneys for Defendants Alo, LLC d/b/a Alo Yoga and Carmela DiCarlo**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TAMIKA PRESSLEY,<br><br>                Plaintiff,<br><br>v.<br><br>ALO, LLC d/b/a ALO YOGA and CARMELA DICARLO,<br><br>                Defendants. | CIVIL ACTION<br><br>No. 2:25-cv-00616-NIQA |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AND STRIKE PLAINTIFF'S AMENDED COMPLAINT

Defendants Alo, LLC d/b/a Alo Yoga and Carmela DiCarlo submit this Memorandum of Law in support of their Motion to Dismiss and Strike the Amended Complaint filed by Plaintiff Tamika Pressley, pursuant to Federal Rules of Civil Procedure ("FRCP") 12(b)(1), 12(b)(4), 12(b)(5), and 11(a).

### I.    INTRODUCTION

Defendants respectfully move the Court to dismiss this action under FRCP 12(b)(1) for lack of subject matter jurisdiction. In her Amended Complaint, Plaintiff asserts claims exclusively under Pennsylvania state law and invokes this Court's diversity jurisdiction under 28 U.S.C. § 1332. For diversity jurisdiction to attach, however, there must be "complete diversity" between the parties, meaning that Plaintiff cannot be a citizen of the same state as either Defendant. The Amended Complaint fails to satisfy this requirement. Although Plaintiff alleges she is a citizen of Pennsylvania and that Defendants are not, this is inaccurate. Like Plaintiff, Defendant DiCarlo is also a citizen of Pennsylvania. (Declaration of Carmela DiCarlo ("DiCarlo Decl."), ¶¶ 1–4 (filed concurrently herewith).) Diversity jurisdiction therefore cannot apply

because there is not "complete diversity" between Plaintiff and Defendants, and Plaintiff has no other basis for subject matter jurisdiction. The Court, thus, should dismiss the action.

Defendants also move the Court to strike the Amended Complaint and dismiss the action for the same reasons asserted in their initial motion. (Doc. 8.) Plaintiff has not signed her pleadings as required by FRCP 11(a). Plaintiff has been given notice and opportunity to correct the omission, but both her original Complaint and Amended Complaint remain unsigned. Under FRCP 11(a), the Court "must" strike it. The Court should also dismiss the action for insufficient process under FRCP 12(b)(4) and insufficient service of process under FRCP 12(b)(5). Process here is insufficient because both the original Complaint and Amended Complaint are unsigned and therefore invalid, and the Summons, which was based on the original Complaint, was issued for a non-existent entity ("Alo Yoga, Inc."). Plaintiff, moreover, has not served the Amended Complaint under FRCP 4 and has only purported to serve copies of the original (defective) Complaint and Summons on Defendants in New Jersey and California. Yet, she has not adhered to the laws governing service in any applicable jurisdiction. Service of process is therefore insufficient.

For these reasons and as set forth in more detail below, the Court should dismiss the action and strike the Amended Complaint.

## II.  BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her original Complaint on February 3, 2025, regarding an alleged incident that occurred at an Alo retail store in Cherry Hill, New Jersey, in January 2024. (Doc. 1.) The Complaint was unsigned. (*See id.*) Through an Order issued on February 10, 2025, the Clerk of the Court notified Plaintiff of this "deficiency" and directed her to "cure" it within 30 days, by March 12, 2025. (Doc. 3.) Plaintiff failed to do so. On March 28, 2025, Defendants moved the

Court to strike the unsigned Complaint under FRCP 11(a) and dismiss the action under FRCP 12(b)(4) and 12(b)(5). (Doc. 8.)

On April 7, 2025, Plaintiff opposed the motion (Doc. 14) and simultaneously filed an Amended Complaint (Doc. 15). The Amended Complaint is unsigned and concerns an alleged incident that occurred at a different Alo retail store in Philadelphia, Pennsylvania, in December 2023. (*See id.*) The Amended Complaint asserts only causes of action "arising under Pennsylvania law" for various torts. (*Id.*, ¶¶ 1, 16–25.) It also claims the Court has "subject matter jurisdiction pursuant to 28 U.S.C. § 1332," alleging, among other things, that Plaintiff is a citizen of Pennsylvania, Defendant Alo is a citizen of California, and Defendant DiCarlo is a citizen of New Jersey. (*Id.*, ¶ 2.)

In light of the filing of the Amended Complaint, on April 8, 2025, the Court denied Defendants' then-pending motion as moot. (Doc. 16.) Defendants now, without waiving any defenses based on insufficient process or service of process, move the Court to dismiss the action and strike the Amended Complaint.

### III. LEGAL STANDARD

A motion to dismiss under FRCP 12(b)(1) for lack of subject matter jurisdiction can take two forms: it can challenge "the complaint on its face" (a facial attack) or it can challenge "the existence of subject matter jurisdiction in fact" (a factual attack). *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). In reviewing a factual attack, the district court may consider evidence "outside the pleadings." *Const. Party of Pennsylvania v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014). The court is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Mortensen*, 549 F.2d at 891. "[N]o presumptive

truthfulness attaches to plaintiff's allegations," and "the plaintiff will have the burden of proof that jurisdiction does in fact exist." *Id.*

IV.   **ARGUMENT**

   A.   **The Court Should Dismiss the Action Under FRCP 12(b)(1) for Lack of Subject Matter Jurisdiction**

Defendants make a factual attack as to this Court's subject matter jurisdiction. In her Amended Complaint, Plaintiff invokes diversity jurisdiction under 28 U.S.C. § 1332, alleging causes of action under state law and claiming she is a citizen of Pennsylvania while Defendants are citizens of other states. Plaintiff is wrong about Defendant DiCarlo, who is, in fact, a citizen of Pennsylvania. Because Plaintiff and Defendant DiCarlo are citizens of the same state, "complete diversity" does not exist, and this Court does not have diversity jurisdiction. The Court should therefore dismiss the action for lack of subject matter jurisdiction.

As the Third Circuit has held, "[f]or over two hundred years," Section 1332 has been understood as requiring "complete diversity between all plaintiffs and all defendants." *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015). This means that "no plaintiff may be a citizen of the same state as any defendant." *Id.* (cleaned up); *State Farm Fire & Cas. Co. v. Electrolux Home Prods., Inc.*, 397 F. Supp. 3d 749, 750 (E.D. Pa. 2019). The "citizenship of the parties" is determined "at the time the complaint was filed." *Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011).

Here, at the time the original and Amended Complaints were filed, Plaintiff and Defendant DiCarlo were citizens of the same state. As she herself alleges, Plaintiff is a citizen of Pennsylvania. (Doc. 1, ¶ 1; Doc. 15, ¶¶ 2, 4.) Likewise, Defendant DiCarlo is a citizen of Pennsylvania, where she resides and has been domiciled since 2018. (DiCarlo Decl., ¶¶ 1–4.) Although Plaintiff alleges, incorrectly, that Defendant DiCarlo is a citizen of New Jersey (Doc.

4

15, ¶ 2), that allegation is not entitled to any presumption of truthfulness, *Mortensen*, 549 F.2d at 891, and is contradicted by the declaration of Defendant DiCarlo submitted herewith (DiCarlo Decl., ¶¶ 2–4).

Accordingly, the requirement of "complete diversity" has not been met, and the Court lacks diversity jurisdiction. Because no other basis for jurisdiction exists—the Amended Complaint, for example, does not assert a federal cause of action invoking federal-question jurisdiction under 28 U.S.C. § 1331—the Court should dismiss the action for lack of subject matter jurisdiction under FRCP 12(b)(1).

    **B.**  **The Court Should Strike the Amended Complaint Under FRCP 11(a)**

FRCP 11(a) requires that "[e]very pleading" be signed. Pleadings filed by *pro se* litigants are no exception: FRCP 11(a) states that "unrepresented" parties must sign their pleadings "personally." The rule further states that a court "must strike an unsigned paper unless the omission is promptly corrected after being called to the . . . party's attention." *Id.* Plaintiff has not signed her Amended Complaint despite prior notice and opportunity to do so. The Court should therefore strike it.

Plaintiff filed her original Complaint on February 3, 2025, without personally signing it. (Doc. 1.) A week later, on February 10, the Clerk of the Court issued an Order bringing the omission of the signature to Plaintiff's attention. (Doc. 3.) The Order explained the requirements of FRCP 11 and "**DIRECTED**" Plaintiff to "cure this deficiency" within 30 days, by March 12, 2025. (*Id.* at 1 & n.1 (original emphasis) (citing authority).) The Order also provided Plaintiff with a "Declaration form" and instructed her "to **complete** and **return** [it], with her *original signature*." (*Id.* at 1 (original emphasis).) If she "fail[ed] to complete and return the attached Declaration form with an original signature within the thirty-day period," the

Order stated, "her case may be dismissed without further notice for failure to prosecute." (*Id.* at 2.)

Plaintiff did not submit either her signature or a completed Declaration form within the prescribed 30 days, and Defendants moved to strike the Complaint on this basis. Despite opposing the motion and alleging, *without any support*, that she "fully cured" the deficiency and "submitted a signed version of the Complaint" (Doc. 14), she then filed an Amended Complaint on April 7, 2025. (Doc. 15.) Yet, the Amended Complaint is also unsigned.[1]

These failures—the initial failure to sign the original Complaint and the subsequent failure to provide a signature promptly after the omission was brought to her attention, first by the Clerk of the Court and second by Defendants—require that the Amended Complaint "must" be stricken as mandated by FRCP 11(a). Federal courts in Pennsylvania have applied FRCP 11(a) under similar circumstances to strike complaints that *pro se* plaintiffs have left unsigned. *See, e.g.*, *People ex rel. Snead v. Kirkland*, 462 F. Supp. 914, 917–18 (E.D. Pa. 1978) ("Since the present complaint was not signed by either Darryl or Daniel Snead, the Court will strike the complaint as to them."); *see also, e.g.*, *Jones v. Comenity Bank*, No. 3:23-cv-01392, 2023 WL 9642998, at *1 (M.D. Pa. Dec. 4, 2023), *adopted by* 2024 WL 575847 (M.D. Pa. Jan. 3, 2024); *Hatchigian v. PECO/Exelon*, No. 22-cv-02170, 2023 WL 4494161, at *3 (E.D. Pa. July 12, 2023).

Despite Plaintiff's contentions, the omission of her signature does not appear to be inadvertent. The February 10 Order brought to her attention another issue besides the missing signature: she failed to pay "the fees to commence a civil action" or, alternatively, to move to

---

[1] The Amended Complaint, like the original Complaint, does not contain a personal handwritten signature or a digital signature, such as the "s/" used by ECF Filing Users, which is specifically permitted under Rule 8(a) of the Court's Local Rules of Civil Procedure.

6

proceed *in forma pauperis*. (Doc. 3 at 1.) Plaintiff was directed to do one of them within 30 days—and on February 27, 2025, she paid the filing fee. (Doc. 4.) Defendants' initial motion also put Plaintiff on notice of the signing deficiency. (Doc. 8.) But none of her filings since then, including the Amended Complaint, show that she actually signed any pleading or completed the Declaration form as she was also instructed. (*See, e.g.*, Doc. 6 (submitting exhibits presumably in support of her original Complaint).) Although Plaintiff said she "immediately submitted a signed version of the Complaint" (Doc. 14 at 1), she has provided nothing to substantiate that assertion and, in any event, did not sign her Amended Complaint.

The continued omission of Plaintiff's signature is not a mere technicality. As reflected in FRCP 11(b) and the Declaration form sent to Plaintiff, her signature would certify, among other things, that the "Complaint is not being presented for any improper purpose," "the claims and other legal contentions are warranted by existing law," and "the factual contentions have evidentiary support." (Doc. 3 at 3.) These representations are especially important here given the unfounded nature of Plaintiff's allegations—and the jarring fact that her Amended Complaint has removed any mention of the incident pled in her original Complaint to allege an entirely different set of purported facts and claims.

If Plaintiff desires to proceed with this lawsuit in good faith, she should have signed both the original Complaint and Amended Complaint to certify the propriety of her allegations as required by law and as has been clearly advised to her. She did not do so. Thus, the Court should strike the Amended Complaint as it "must" under FRCP 11(a). *See also Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (*pro se* litigants "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants").

### C. The Court Should Dismiss the Action Under FRCP 12(b)(4) for Insufficient Process

Defendants also object to the original Complaint, Amended Complaint, and Summons in this action and move for dismissal under FRCP 12(b)(4). "A 12(b)(4) motion raises defects existing on the face of the process itself such as lack of proper signatures or misnaming of parties." *Zeigler v. United States*, 86 F.R.D. 703, 706 n.10 (E.D. Pa. 1980). Such are the defects with process here. Because the operative complaints in this action have been unsigned and "must" be stricken under FRCP 11(a), the original Complaint and now the Amended Complaint are defective. The Summons, moreover, was based on the original Complaint, which named a nonexistent entity as a defendant: "Alo Yoga, Inc." (Doc. 1; Doc. 5.) Although the Summons itself does not state whom it is addressed to, as its "To:" field is blank, presumably the Summons was also directed toward the same nonexistent entity, and no amended Summons has been issued. (*See* Doc. 5.) Accordingly, process is defective, and Defendants respectfully move to dismiss the action on this basis.

### D. The Court Should Dismiss the Action Under FRCP 12(b)(5) for Insufficient Service of Process

Defendants further object to Plaintiff's purported attempts to serve process on them and therefore move for dismissal under FRCP 12(b)(5). As stated in FRCP 4, service of process on an individual or a corporation may be effected pursuant to federal law or applicable state law—either Pennsylvania as the forum state here, or the state "where service is made"—but none of those methods have been satisfied. Plaintiff has not served the Amended Complaint on Defendants as required under FRCP 4. She only purports to have personally served Defendants on March 17, 2025, by delivering the original Complaint and Summons at an Alo retail store in Cherry Hill, New Jersey. (*See* Doc. 7 (Proof of Service).) She also attempted to serve

Defendants by mail in California. Each alleged attempt, however, was insufficient, and this action has not been properly initiated.

1. **Purported Service in New Jersey**

According to the Proof of Service filed by Plaintiff, her purported agent visited the Alo retail store in Cherry Hill, New Jersey, and "served" the Summons on "Stephen DeJesus, Store Manager," who was allegedly "designated by law to accept service of process on behalf of Alo Yoga, Inc." (Doc. 7.) This is false. Mr. DeJesus is a Service & Sales Lead at the Alo retail store in Cherry Hill; he is not the "Store Manager," was not in charge of the store at the time of the purported service, and is not authorized to accept service of process on behalf of either Defendant Alo or Defendant DiCarlo. (Doc. 8-1, ¶¶ 1–4.) Accordingly, and for the additional reasons discussed below, the attempted service did not comply with federal or state law.

As to federal law, Plaintiff did not serve Defendant Alo by delivering process to "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." FRCP 4(h)(1)(B). Nor did Plaintiff serve Defendant DiCarlo by delivering process to her "personally," leaving it at her "dwelling or usual place of abode," or delivering it to her "agent authorized by appointment or by law to receive service of process." FRCP 4(e)(2).

As to Pennsylvania law, Plaintiff did not serve Defendant Alo by handing the Complaint and Summons to "an executive officer, partner or trustee of the corporation"; to a "person for the time being in charge of any regular place of business or activity of the corporation"; or to "an agent authorized by the corporation . . . in writing to receive service of process for it." 231 Pa. Code Rule 424. Nor did Plaintiff serve Defendant DiCarlo by delivering process to her directly,

at her residence, or to her "agent" or the "person for the time being in charge" of her "usual place of business." 231 Pa. Code 402(a); *see also* 231 Pa. Code 404(1).

And as to New Jersey law, for these same reasons, Plaintiff has not effected "personal service" on either Defendant Alo or DiCarlo, or by mail as discussed in further detail below. N.J. Ct. R. 4:4-4.

## 2. Purported Service in California

Defendants received various mailings from Plaintiff on March 7 and 10, 2025, at Alo's headquarters in Beverly Hills, California. Federal law does not allow for service by mail. *See generally* FRCP 4. But both Pennsylvania and California law permit it under certain conditions, none of which Plaintiff has adhered to.

Pennsylvania law permits service by mail when process is "mailed to the defendant by any form of mail requiring a receipt signed by the defendant or his authorized agent." 231 Pa. Code Rule 403; *see also* 231 Pa. Code 404(2). The Official Note for Rule 403 also expressly references the use of "restricted delivery mail," and federal courts in Pennsylvania have held that service of process on an out-of-state defendant "by certified mail *without restricted delivery* is improper." *Fox v. Chipotle Mexican Grill, Inc.*, No. 2:20-cv-1448, 2021 WL 706757, at *2–3 (W.D. Pa. Feb. 23, 2021) (emphasis added). "Proper service by restricted mail requires that the recipient either be the defendant or the defendant's agent." *Id.* at *3.

California law similarly permits service by mail but only when accompanied by a "notice and acknowledgement of receipt," which must be signed and returned for the service to be effective. Cal. Civ. Proc. Code § 415.30. The signing of a postal service return receipt is not the same as providing acknowledgement of the receipt of process. *Tandy Corp. v. Super. Ct.*, 117 Cal. App. 3d 911, 913 (1981).

Plaintiff's mailings did not satisfy any of these requirements. On March 7, three envelopes were delivered by FedEx to Alo's headquarters in California and were variously addressed to "ALO HEADQUARTERS" or "CARMELA DICARLO." (Doc. 8-2, ¶ 2.) Yet, all three were dropped off by FedEx without restricted delivery or the need for a signature or return receipt, and none of the envelopes contained a notice and acknowledgement receipt. (*Id.*)

Two additional envelopes were delivered by USPS certified mail on March 7 and 10, one of which was addressed to "ALO 'Legal'" and the other was addressed to "ALO c/o Carmela DiCarlo." (*Id.* ¶¶ 3–4.) Although return receipts were signed for both, neither delivery was restricted to Defendants themselves or to persons authorized to accept service of process on their behalf. (*Id.*) And none of the envelopes contained a notice and acknowledgement receipt. (*Id.*)

## V. CONCLUSION

For the reasons set forth above, Defendants respectfully request that the Court dismiss the action under FRCP 12(b)(1), 12(b)(4), and 12(b)(5) and strike the Amended Complaint under FRCP 11(a).  A proposed Order is submitted herewith.

Respectfully submitted,

Dated: April 21, 2025 **TUCKER LAW GROUP, LLC**

*/s/ Leslie Miller Greenspan*
Leslie Miller Greenspan, Esquire (ID: 91639)
Ten Penn Center
1801 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 875-0609

ALO, LLC – LEGAL DEPARTMENT
Cynthia C. Mullen*
Kenneth Day-Oshita*
9830 Wilshire Blvd.
Beverly Hills, CA 90212
*admitted pro hac vice*

**Attorneys for Defendants Alo, LLC d/b/a Alo Yoga and Carmela DiCarlo**

## CERTIFICATE OF SERVICE

I, Leslie Miller Greenspan, hereby certify I caused a copy of the foregoing document to be filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

I further certify that the foregoing document was served by U.S. Mail upon the following pro se party:

Tamika Pressley
1 Union Ave. #2592
Bala Cynwyd, PA 19004

*Pro Se* Plaintiff

**TUCKER LAW GROUP, LLC**

Dated: April 21, 2025

*/s/ Leslie Miller Greenspan*
Leslie Miller Greenspan, Esquire